NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT DOUGLAS NORDSTROM, | No. 19-16178 |
| Plaintiff, | D.C. No. 2:15-cv-02176-DGC-JZB |
| v. | |
| CHARLES L. RYAN; JAMES O'NEIL, Warden, ASPC Eyman; STACI FAY, Deputy Warden, Browning Unit, | MEMORANDUM* |
| Defendants-Appellees, | |
| v. | |
| CHARLES BRADLEY RIENHARDT, | |
| Movant-Appellant, | |
| and | |
| ERNESTO S. MARTINEZ, III; PETE VAN WINKLE; TODD L. SMITH; TRACY A. HAMPTON; MANUEL OVANTE, Jr.; RUBEN J. GARZA, Jr., | |
| Movants. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 17, 2020[]

Before O'SCANNLAIN, TROTT, N.R. SMITH, Circuit Judges:

Charles Rienhardt, an Arizona inmate, appeals the district court's order denying his Motion to Enforce a settlement stipulation between inmate Scott Nordstrom and the Arizona Department of Corrections ("Nordstrom Stipulation"). The facts are known to the parties so we do not repeat them here.

I

The district court did not err in determining that Rienhardt lacked standing as a third-party beneficiary to enforce the Nordstrom Stipulation. The underlying civil rights action was not brought as a class action, and the court did not issue a consent decree finding broad constitutional and statutory violations. Rather, the Stipulation was an agreement between the parties and did not express any intent to benefit third parties. Therefore, Rienhardt did not have standing as a third-party beneficiary. *Norton v. First Fed. Sav.*, 624 P.2d 854, 856 (Ariz. 1981).

II

Even if Rienhardt did have standing, the district court did not err in concluding his claims were outside the scope of the Nordstrom Stipulation. The Stipulation did not prevent an inmate from being reclassified as a maximum-

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

custody inmate if he no longer met the requirements for close custody. After a disciplinary hearing, Rienhardt was found guilty of fighting and therefore deemed unfit to remain in close custody. The Stipulation does not prevent such a reclassification.

Furthermore, the Stipulation does not prevent non-sex-offender inmates from being housed with sex-offender inmates in close custody but rather permits all death-sentenced inmates in close custody to be housed as a group.

The district court did not err in concluding that Reinhardt lacked standing and that his claims were outside the scope of the Nordstrom Stipulation and thus denying his Motion to Enforce.

**AFFIRMED.**